UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRIAN EDWARD HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:21-CV-184 |
| ) | 2:14-CR-107 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court is Brian Edward Hawkins' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 656].[1] The United States has responded in opposition. [Doc. 4]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 3]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 656] will be **DENIED**.

I.  **BACKGROUND**

In January 2015, Petitioner and fourteen co-defendants were charged in a five-count second superseding indictment pertaining to conspiracy and distribution of a mixture and substance containing a detectable amount of alpha-pyrrolidinopentinophenone ("a-PVP"),

---

[1] Document numbers not otherwise specified refer to the civil docket.

along with related gun charges and forfeiture allegations. [Crim. Doc. 76]. Petitioner was named in two counts. [*See id.*].

On July 2, 2015, Petitioner entered into a plea agreement with the government. [Crim. Doc. 264]. Petitioner agreed to plead guilty to two counts of conspiracy to distribute a mixture and substance containing a detectable amount of a-PVP, a Schedule I controlled substance in violation of 21 U.S.C. § 813, 21 U.S.C. § 846 and 841(a)(1), (b)(1)(C). [*See id.*] The plea agreement was signed by Petitioner and attorney Bryce McKenzie.

In his plea agreement, Petitioner acknowledged that beginning approximately September 2013 and continuing until September 2014, Petitioner knowingly, intentionally, and without authority, conspired with at least one other person to distribute and possessed with intent to distribute a conservative estimate of 1,000 grams of a-PVP, a Schedule I controlled substance analogue before March 7, 2014, and a Schedule I controlled substance after that date. [*Id.* at 2-3].

The Court conducted a change of plea hearing on July 27, 2015. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Counts 1 and 2 of the Second Superseding Indictment, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 302].

Based on objections by Petitioner, a Revised Presentence Investigation Report ("RPSR") was issued. The RPSR calculated a total offense level of 23 and a criminal

2

history category of VI, resulting in a guideline range of 92 to 115 months. [Crim. Doc. 455, ¶ 108].

The government filed a notice of no objections to the PSR. [Crim. Doc. 414]. The government also filed a sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 92 to 115 months' imprisonment and filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The United States recommended a sentence at the top of the adjusted guidelines range of 84 to 105 months, should the Court grant the motion for downward departure. [Crim Doc. 439].

Petitioner, through counsel, filed a notice of objections to the PSR, objecting to several facts in the PSR and to the application of the obstruction of justice enhancement. [Crim. Doc. 426]. Petitioner, through counsel, filed a sentencing memorandum, requesting an additional level reduction under U.S.S.G. § 5K1.1 and requesting a sentence of 62 months (77 months minus 15 months for time spent in custody). [Crim. Doc. 458]. Petitioner also withdrew his objection to the obstruction enhancement based on a review of the law and the Government's evidence. [*Id.*].

On December 7, 2015, the Court granted the Government's motion for downward departure and sentenced Petitioner to a total of 99 months' imprisonment and then six years of supervised release. [Crim. Doc. 477]. Petitioner did not file a direct appeal, but on November 12, 2021, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation

3

Case 2:14-cr-00107-RLJ-CRW   Document 663   Filed 06/29/22   Page 3 of 12   PageID #: 3683

of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations

4

Case 2:14-cr-00107-RLJ-CRW   Document 663   Filed 06/29/22   Page 4 of 12   PageID #: 3684

with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims in this § 2255 motion: 1) that his plea agreement was violated by the Court sentencing him to 99 months' imprisonment instead of an agreed sentence of 76 months' imprisonment as allegedly set forth in the plea agreement, 2) that the Court erred by "adding a charge" for obstruction of justice without a grand jury indictment, and 3) that counsel was ineffective for not objecting to the obstruction enhancement. [Doc. 1; Crim. Doc. 656]. The Court will address Claims 1 and 2 together, before addressing Claim 3.

#### A. Timeliness

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the application of the advisory sentencing guidelines, the enhancement, and counsel's actions during sentencing. These are facts which could have been discovered prior to Petitioner's sentencing hearing on December 11, 2015, through the exercise of due diligence. Petitioner's judgment became final after his time to appeal had expired December 25, 2015, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. As Petitioner filed the instant motion November 12, 2021, almost five years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test. Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 656] will be **DENIED** as untimely. However, Petitioner's claims also fail on their merits.

   B.  **Claims 1 and 2**

### a. Collateral Attack Waiver

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of the judgment and (ii) ineffective assistance of counsel." [Crim. Doc. 264, p. 10].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived

8

Case 2:14-cr-00107-RLJ-CRW   Document 663   Filed 06/29/22   Page 8 of 12   PageID #: 3688

the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claims 1 and 2 are barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451.

### b. Merits

Petitioner primarily argues that the Court erred by not accepting an agreed upon 76-month sentence as set forth in the Plea Agreement and that the Court erred by adding a charge of obstruction without a grand jury indictment. First, Petitioner's Plea Agreement does not contain an agreed sentence, nor do any of the filings refer to a 76-month sentence. Thus, Petitioner's Claim 1 is directly contradicted by the record and not credited. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Second, the obstruction enhancement was not a new criminal charge requiring indictment by a grand jury, but a guidelines enhancement under U.S.S.G. § 3C1.2. Thus, the Court did not err by applying the guidelines enhancement without a grand jury indictment. Accordingly, Petitioner's Claims 1 and 2 alternatively fail on their merits.

### C. Claim 3

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's argument fails under both of *Strickland's* steps. Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not object to the obstruction enhancement. [Doc. 1, p. 2]. However, Petitioner's allegation is directly contradicted by the record and not credited. *See Blackledge*, 431 U.S. at 74. Petitioner's

10

Case 2:14-cr-00107-RLJ-CRW Document 663 Filed 06/29/22 Page 10 of 12 PageID #: 3690

counsel did file an objection to the obstruction enhancement. Counsel cannot be deemed ineffective for doing precisely what Petitioner now claims he should have done. While Petitioner and counsel did agree to withdraw the objection after reviewing the law and the Government's evidence, Petitioner has not shown that the decision to withdraw the objection was without Petitioner's approval or that the Court would have ruled in his favor had the objection been litigated. In his Plea Agreement, Petitioner admitted to running from Sevier County police officers and swallowed 20 grams of a-PVP to avoid getting caught with it. [Crim. Doc. 264, p. 5]. The RPSR indicates that during the incident in Sevier County discussed in the Plea Agreement, Petitioner was driving and eluding police by maintaining speeds more than 100 miles per hour in a 70 miles per hour zone. [Crim. Doc. 455, ¶ 79].

Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's Claim 3 will alternatively be **DENIED** as the record directly contradicts Petitioner's claims, and Petitioner has not shown that his counsel was ineffective.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 656] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits or a Petitioner who has failed to make a substantial showing of the denial of a constitutional right satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge